IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN McCURDY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-1573 |
| | : | |
| PIAZZA MAZDA | : | |
| WEST CHESTER, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                               **JULY 6, 2021**

Plaintiff John McCurdy has filed a *pro se* civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Named as Defendants in the Amended Complaint are Piazza Mazda West Chester ("Piazza Mazda"), and Rick Rowe. (ECF No. 11 at 4.)[1] For the following reasons, McCurdy's Amended Complaint[2] will be dismissed in part with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The balance of his claims will be served for a responsive pleading.

**I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

McCurdy initiated this action by emailing an unsigned Complaint to the Clerk of Court on April 2, 2021; however, he neither paid the fees necessary to commence a civil action, nor

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[2] McCurdy filed an Amended Complaint before the Court had an opportunity to conduct statutory screening of his original Complaint. The Amended Complaint serves as the governing pleading because it supersedes the prior pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted). Accordingly, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

filed an application to proceed *in forma pauperis*. (*See* ECF No. 1.) McCurdy subsequently filed an unsigned application to proceed *in forma pauperis*. (ECF No. 7.) The Court granted McCurdy additional time to cure the deficiencies in his filings. (*See* ECF Nos. 6, 8.) Because he did not do so, McCurdy's case was dismissed without prejudice for failure to prosecute by Order dated June 11, 2021. (ECF No. 9.) McCurdy subsequently filed the present Amended Complaint (ECF No. 11) and motion for appointment of counsel (ECF No. 12) on June 15, 2021, and a new application to proceed *in forma pauperis* (ECF No. 10) on June 16, 2021. By Order dated June 22, 2021, the case was re-opened and the Court granted McCurdy leave to proceed *in forma pauperis*. (ECF No. 13.)[3]

McCurdy avers that he was subjected to employment discrimination on the basis of race and gender and was subjected to harassment and a hostile work environment in violation of Title VII. (*See* ECF No. 11 at 5-6.) He was employed by Piazza Mazda from January 2018 to August 2018 where, he alleges, he was repeatedly subjected to conditions of discrimination by his manager, Defendant Rowe. (ECF No. 11-1.) He alleges that Rowe referred to him as "Boy" on several occasions and that he was "yelled at in from [sic] of the entire showroom and belittled in front of the customer." (*Id.*) McCurdy claims that his "job was threatened on several occasions" and that the discrimination continued even after he reported the conduct to the human resources department. (*Id.*) McCurdy was informed by a co-worker, Shannon Smith, that Defendant Rowe "used a racial slur to describe [McCurdy] during one of their conversations." (*Id.*) McCurdy claims that this "incident was reported but yet no discipline as an outcome." (*Id.*)

---

[3] The Amended Complaint was unsigned when filed by McCurdy, but he has since submitted a signature for this pleading. (*See* ECF Nos. 11, 14.)

McCurdy asserts that the continued discrimination and harassment greatly affected his work performance. (*Id.*) He alleges that, because his job was commission-based, the lack of opportunities to gain commissions caused him financial and personal hardship. (*Id.*) He contends that he was forced to seek other employment as he "couldn't deal with the day-to-day discrimination and harassment." (*Id.*) McCurdy seeks back-pay, front pay, and other monetary damages. (*Id.*; ECF No. 11 at 7.)

## II.  STANDARD OF REVIEW

As McCurdy is proceeding *in forma pauperis*, his Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted). Because McCurdy is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623, 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213.

In addition to naming his former employer Piazza Mazda as a Defendant, McCurdy has also brought his claims against Piazza Mazda employee Rowe. While the Title VII claims against Piazza Mazda will be served for a responsive pleading, the claims against Defendant Rowe are not plausible. Title VII makes it unlawful for an "employer" to discriminate. 42 U.S.C. § 2000e-2(a)(1). Defendant Rowe was McCurdy's manager and was not McCurdy's employer. The United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, such as Defendant Rowe, holding the term "employer" as used in Title VII does not encompass individual employees. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (*en banc*) (collecting cases, noting that the clear majority of the courts of appeals that have considered the question have held that

individual employees cannot be held liable under Title VII, and holding that Title VII does not authorizes liability against an individual supervisor or employee). Accordingly, the Title VII claims brought against Defendant Rowe will be dismissed with prejudice under § 1915(e)(2)(B)(ii).[4]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice McCurdy's Title VII claims for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as to Defendant Rowe. His Title VII claim against Piazza Mazda will be served for a responsive pleading. An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, J.**

---

[4] The Court further notes that a plaintiff pursuing an employment discrimination claim must first exhaust administrative remedies before filing a lawsuit in federal court. *See generally* 42 U.S.C. § 2000e-5; *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846-47 (2019) (summarizing administrative exhaustion process for Title VII claims). McCurdy alleges that he filed a charge with the EEOC and that he received a Notice of Right to Sue Letter, but did not attach a copy of such a letter to his Amended Complaint. (*See* ECF No. 11 at 6.)